[No. B164650. Second Dist., Div. Eight. June 4, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
ARMANDO ARJON, Defendant and Appellant.

186

**COUNSEL**

Wallin & Klarich and Steven D. Klarich for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Mary Sanchez and Catherine Okawa Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RUBIN, J.**—Defendant and appellant Armando Arjon appeals from the judgment entered following a jury trial that resulted in his conviction of

multiple counts of continuous sexual abuse and lewd or lascivious acts against two children under the age of 14 years. He contends the trial court prejudicially erred in failing to hear his Penal Code section 995 motion prior to trial.[1] After review, we reverse the judgment in part and affirm in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Gabriella B. was born in November 1989. From August 15, 1996, through May 23, 1997, she was placed as a foster child with defendant and his wife. Beginning December 1, 1996, and continuing throughout the time Gabriella resided with defendant, defendant sexually molested her on approximately 20 occasions. At trial, Gabriella described five specific incidents of sexual molestation.

Raylene S. was born in June 1991. She lived with defendant and his wife in 1997 and 1998. At trial, Raylene described four incidents of sexual molestation defendant committed against her during that time.

In a 29-count amended information, defendant was charged with 12 counts of forcible lewd acts upon Gabriella (§ 288, subd. (b)(1)); 12 counts of kidnapping for purposes of molesting Gabriella (§ 207, subd. (b)); continuous sexual abuse of Raylene (§ 288.5); kidnapping for purposes of molesting Raylene (§ 207, subd. (b));[2] continuous sexual abuse of Gabriella (§ 288.5, subd. (a)); and two counts of lewd acts upon Raylene (§ 288, subd. (a)). In addition, felony sex offense enhancements were alleged pursuant to section 667.61, subdivisions (a), (b), (d) and (e).

Before defendant's preliminary hearing on March 27, 2002, the prosecutor announced that she was dismissing kidnapping charges brought pursuant to section 207, subdivision (a) because, under *People v. Martinez* (1999) 20 Cal.4th 225, 232 [83 Cal.Rptr.2d 533, 973 P.2d 512] (*Martinez*), she believed it would not be ethical to go forward on those counts, but was going forward

---

[1] Defendant also contends, and the People concede, that the trial court erred in staying sentence on, rather than dismissing, the convictions arising from the Penal Code section 288, subdivisions (a) (lewd or lascivious act upon child under the age of 14) and (b) (lewd conduct with use of force or fear) charges, because those charges could not be brought in the same proceeding as Penal Code section 288.5 charges (continuous sexual abuse) alleged to have occurred during the same time period. We agree. (§ 288.5, subd. (a); *People v. Johnson* (2002) 28 Cal.4th 240, 243–244 [121 Cal.Rptr.2d 197, 47 P.3d 1064].) Accordingly, we reverse the judgment on the section 288, subdivisions (a) and (b) charges.

All further undesignated statutory references are to the Penal Code.

[2] These counts are hereafter referred to collectively as the kidnapping counts. Defendant was apparently originally charged with violation of section 207 subdivision (a) (simple kidnapping) as well, but the prosecutor dismissed those charges.

on the section 207, subdivision (b) aggravated kidnapping charges.[3] At the conclusion of the preliminary hearing, defense counsel argued that the section 207, subdivision (b) kidnapping charges should also be dismissed because there was not sufficient evidence to support a finding of "substantial movement." The prosecutor argued that, under *Martinez,* the movement was sufficient because transporting the victims from the living room, where they were with other children, to the bedroom where defendant was alone with them, increased the risk of harm to the victims and decreased the likelihood of detection and opportunity for escape. The trial court denied the motion and ordered defendant held to answer.

On July 22, 2002, the Honorable Charles Peven conducted a pretrial conference. Although the minute order of that date refers to a section 995 motion to dismiss, the clerk of the superior court was unable to find the motion in the court's records. According to the minute order, Judge Peven continued the hearing on that motion to August 26, 2002, the date set for trial.[4]

On August 26, 2002, trial and hearing on the section 995 motion were continued to September 24, 2002. On that date, trial was continued to October 15, 2002, but the status of the section 995 motion does not appear in the minute order. After trailing several days, the matter was called for trial on November 4, 2002. The trial court refused defendant's request to renew the section 995 motion. On Friday, November 8, 2002, after the People rested, defendant moved pursuant to section 1118.1 to dismiss the kidnapping counts on the same grounds he had argued in his section 995 motion. The trial court denied defendant's section 1118.1 motion. On November 12, 2002, defendant sought reconsideration of his section 1118.1 motion, citing *People v. Hoard* (2002) 103 Cal.App.4th 599 [126 Cal.Rptr.2d 855] (*Hoard*), which had been

---

[3] In pertinent part, section 207 provides: "(a) Every person who forcibly, or by any other means of instilling fear, steals or takes, or holds, detains, or arrests any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping. [¶] (b) Every person, who for the purpose of committing any act defined in Section 288, hires, persuades, entices, decoys, or seduces by false promises, misrepresentations, or the like, any child under the age of 14 years to go out of this country, state, or county, or into another part of the same county, is guilty of kidnapping."

[4] We can glean the basis of defendant's section 995 motion from the prosecutor's written opposition, which was filed on August 9, 2002. Defendant again challenged the showing of asportation sufficient to establish that element of kidnapping. The prosecutor countered that Gabriella and Raylene were each taken into defendant's bedroom where the sexual molestations occurred, the movement was "for a substantial distance, that is, the distance was more than slight, brief, or trivial, and not merely incidental to the commission of the crime . . . ." It was a meaningful distance, the prosecutor argued, because it allowed defendant to lock the bedroom door, thus decreasing the likelihood of detection and increasing the danger to the victims. In fact, the evidence showed that while defendant fondled the girls while they were in the presence of other people, he waited until they were in the locked bedroom before raping them and forcing them to orally copulate him.

decided the day before the hearing on defendant's original section 1118.1 motion. Relying on *Hoard*, the trial court granted the motion and dismissed all the kidnapping counts. The following day, after less than four hours of deliberation, the jury returned with guilty verdicts on all of the remaining counts of lewd and lascivious conduct upon a child and continuous child molestation.

Defendant was sentenced to a total of 28 years in prison, comprised of the upper term of 16 years on count 27 for violating section 288.5 as to Gabriella, and a consecutive midterm of 12 years on count 25 (§ 288.5 as to Raylene); sentences on the remaining counts charging violations of section 288, subdivision (b), were ordered stayed pursuant to section 654.

Defendant filed a timely notice of appeal.

## DISCUSSION

*Trial Court Did Not Err in Refusing to Hear the Renewed Section 995 Motion*

Defendant contends the trial court erred in refusing to hear his renewed section 995 motion to dismiss the section 207, subdivision (b) kidnapping charges immediately before trial. He argues: (1) the motion was timely because it was brought prior to trial; and (2) he was prejudiced by the jury being allowed to hear evidence associated with the kidnapping charges that it would not otherwise have been allowed to hear. We are unpersuaded.

■ Section 995 provides that, upon a defendant's motion, an information may be set aside where, among other things, the defendant has been committed without reasonable or probable cause. (§ 995, subd. (a)(2)(B).) According to section 997, "[t]he motion must be heard at the time it is made, unless for cause the court postpones the hearing to another time. The court *may entertain such motion [under section 995] prior to trial whether or not a plea has been entered and such plea need not be set aside in order to consider the motion. . . .* " (Italics added.) ■ If the defendant does not make a section 995 motion, it is not grounds for appeal that such a motion would have been granted. (§ 996.)

The phrase "prior to trial" as used in section 997 is not defined. A review of the legislative history of the statute is, however, informative. Prior to 1968, section 997 required any section 995 motion to be made before plea. (*People v. Waters* (1975) 52 Cal.App.3d 323, 331 [125 Cal.Rptr. 46] (*Waters*).) In April 1968, an amendment to section 997 was introduced which provided that the court "may entertain such motion . . . whether or not a plea

has been entered . . . ." (Assem. Bill No. 1558 (1968 Reg. Sess.) § 2, as introduced Apr. 15, 1968.) The bill was amended by the assembly on May 27, 1968, to further provide that the court "may entertain such motion prior to trial . . . ." (Amend. to Assem. Bill No. 1558 (1968 Reg. Sess.) May 27, 1968.) The court in *Waters* explained that the legislative intent in amending section 997 to allow the court to entertain the motion prior to trial was to extend the time for making a section 995 motion until trial where a plea of not guilty had been entered. (See 4 Witkin, Cal. Criminal Law (3d ed. 2000) Pretrial Proceedings, § 239, p. 448.) It does not, however, necessarily follow that trial courts *must* hear before trial begins a section 995 motion brought at the very last moment without good cause. On the contrary, section 997 provides that the trial court *"may* entertain such motion prior to trial . . . ." Use of the word "may" in section 997 is significant in that it implies a legislative intent to retain judicial discretion in defining the circumstance in which the trial court will hear a section 995 motion brought immediately prior to the commencement of trial. (Cf. *Hogya v. Superior Court* (1977) 75 Cal.App.3d 122, 133, fn. 8 [142 Cal.Rptr. 325] ["The word 'shall' is ordinarily 'used in laws, regulations, or directives to express what is mandatory.' (Webster's Third New Internat. Dict., Unabridged (3d ed. 1966) p. 2085, col. 3; see Black's Law Dict. (rev. 4th ed. 1968) p. 1541, col. 2; [citations].) 'May,' on the other hand, is usually permissive"].) It is also noteworthy that the Legislature used both "shall" and "may" in section 997. "It has been held where the Legislature has used both words in the same section it must be presumed to have attached to them their ordinary meanings [citations]." (75 Cal.App.3d at p. 133, fn. 8.) Moreover, interpreting section 997 to give trial courts discretion to refuse to entertain an unjustifiably tardy section 995 motion is consistent with recognition of the trial court's inherent power to "control all proceedings during the trial . . . with a view to the expeditious and effective ascertainment of the truth regarding the matters involved." (§ 1044.)

Here, defendant withdrew the section 995 motion he first brought on July 22, 2002. On Friday morning, November 1, 2002, both sides announced ready for trial. Defendant did not then renew his section 995 motion and the case was assigned to Judge Mayerson for trial. Appearing before Judge Mayerson that afternoon, defendant still did not renew his section 995 motion. The matter was continued to Monday, November 4, 2002, and a panel of 50 prospective jurors was ordered for 10:00 a.m. At 9:00 a.m. on November 4, an hour before the prospective jurors were scheduled to arrive, defense counsel informed the court that, over the preceding weekend, he had "review[ed] some of the motions that have been made and some of the arguments that have been made prior, and I am going to renew the defendant's 995 motion regarding the allegations of kidnapping, which have previously been the subject of a 995 motion that had been filed and responded to

by the People." The trial court declined to hear the motion, observing that it had already been made and withdrawn.

We find no abuse of discretion in the trial court's ruling. Defense counsel gave no explanation for the delay in renewing the motion, a jury panel had been ordered, and witnesses undoubtedly had been subpoenaed.[5] The motion was not routine and the law in this area had been evolving. (Compare *Martinez, supra,* 20 Cal.4th at pp. 232–233, with *Hoard, supra,* 103 Cal.App.4th at pp. 602–607.) Accordingly, argument was likely to be time-consuming. Under these circumstances, the trial court acted within its discretion in refusing to hear the motion.[6]

*No Showing of Prejudice*

██  Even assuming the trial court erred in refusing to hear defendant's renewed motion, this would not end our inquiry. The denial of a section 995 motion will be reversed only upon a showing of prejudicial error. (See 4 Witkin, Cal. Criminal Law, *supra,* § 239, p. 448; see, e.g., *People v. Pompa-Ortiz* (1980) 27 Cal.3d 519, 529 [165 Cal.Rptr. 851, 612 P.2d 941] [no reversal required where the defendant was denied right to public preliminary hearing but trial itself was error free].) Here, defendant has failed to show prejudice from the trial court's refusal to hear the renewed motion. First, defendant has failed to establish that the trial court would have granted the section 995 motion on its merits, if it had been heard. Second, defendant has failed to show what evidence the jury heard as a result of the kidnapping counts that it would not have heard had those counts been dismissed prior to trial.

---

[5] At oral argument, counsel for defendant conceded that whether to hear a section 995 motion immediately prior to trial was within the trial court's discretion, but argued that to refuse to do so in this case was an abuse of discretion because the delay in bringing the motion was the result of defense counsel having been led to believe that the prosecutor intended to dismiss the section 207, subdivision (b) kidnapping counts. The record is to the contrary. In making the section 995 motion on November 4th, defense counsel argued the motion was based in part on the prosecutor's comments at the preliminary hearing that it would be unethical to proceed on the kidnapping counts. The prosecutor explained that her statements at the preliminary hearing were in reference to the withdrawn section 207, subdivision (a) kidnapping charges only, and that she clearly expressed an intent to pursue the section 207, subdivision (b) charges. Implicit in the trial court's refusal to hear the renewed motion is a finding that defendant had no reason to believe that the prosecution would dismiss the section 207, subdivision (b) charges and therefore no good cause to delay renewal of the motion. Our review of the record leads this court to the same conclusion. Nothing in the record indicates that, subsequent to March 27, 2002, the prosecution gave defendant any indication it had changed its position and intended to dismiss the section 207, subdivision (b) kidnapping charges.

[6] This is not to say that a section 995 motion brought so late in the proceedings is always untimely. Circumstances may justify a late filed 995 motion. Such was not the case here.

Although convincing an appellate court that a trial court "would" have made any particular ruling almost certainly involves speculation, here defendant appears to argue there is no guesswork as defendant's section 1118.1 motion dismissing the kidnapping counts was granted on the same grounds as were presented in the section 995 motion. In that the two motions require different standards of proof, this argument is unavailing.

In *People v. Williams* (1988) 44 Cal.3d 883 [245 Cal.Rptr. 336, 751 P.2d 395], our Supreme Court observed that, "The rule is well established. A defendant is 'legally committed' within the meaning of section 995, insofar as the quantum of evidence is in issue, if 'it appears from the [preliminary] examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof.' [Citation.] 'The term "sufficient cause" is generally equivalent to "reasonable and probable cause," that is, such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused.' [Citation.]" (*Id.* at p. 924.) " '[E]vidence that will justify a prosecution need not be sufficient to support a conviction. An information will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the *possibility* that an offense has been committed and the accused is guilty of it.' " (*Id.* at pp. 924–925, italics added.)

By contrast, "The standard applied by a trial court in ruling upon a motion for judgment of acquittal pursuant to section 1118.1 is the same as the standard applied by an appellate court in reviewing the sufficiency of the evidence to support a conviction, that is, 'whether from the evidence, including all reasonable inferences to be drawn therefrom, there is any substantial evidence of the existence of each element of the offense charged.' " (*People v. Crittenden* (1994) 9 Cal.4th 83, 139, fn. 13 [36 Cal.Rptr.2d 474, 885 P.2d 887].) Thus, while the evidence adduced at a preliminary hearing is sufficient to defeat a section 995 motion if such evidence may "lead a man of ordinary caution or prudence to believe and conscientiously entertain *a strong suspicion*" that the defendant was guilty of the charged offense, the same evidence adduced at trial may not be sufficient to constitute substantial evidence of the existence of each element of the charged offense beyond a reasonable doubt, and thus not sufficient to defeat a section 1118.1 motion. Accordingly, the fact that a section 1118.1 motion is granted following presentation of the People's case-in-chief at trial does not compel a conclusion that a prior section 995 motion should have been granted. Defendant has made no effort to show that the kidnapping charges should have been dismissed under the appropriate section 995 standard.

Finally, even assuming that the trial court should have granted the section 995 motion, defendant has failed to show what additional evidence, prejudicial or otherwise, the jury heard that would not have been admitted if the

kidnapping counts had been dismissed before trial. There was nothing inflammatory about the fact that defendant moved Gabriella and Raylene from the living room into the bedroom. Such evidence was equally relevant to the facts surrounding the molestation charges. We are not persuaded that the jury's mere awareness of the kidnapping charges invited "the jury to entertain a nonevidence based view of [defendant] as a[n] evil person, an improper character based inference." On the contrary, the jury was instructed that defendant must be presumed innocent and that it must not consider, for any purpose, the fact that the kidnapping counts were dismissed. We presume they understood and followed these instructions. (*People v. Holt* (1997) 15 Cal.4th 619, 644 [63 Cal.Rptr.2d 782, 937 P.2d 213] [jurors are presumed to understand and follow court's instructions].) Moreover, the mere fact that the jury was informed, prior to trial, that defendant was charged with kidnapping, and then informed prior to deliberations that the kidnapping charges were no longer before it, cannot be deemed prejudicial. If this were so, a successful section 1118.1 motion following an unsuccessful section 995 motion would always require reversal. This is not the law.

## DISPOSITION

The judgment on counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 28, and 29 are reversed; in all other respects, the judgment is affirmed.

Cooper, P. J., and Boland, J., concurred.