Filed 7/25/16  P. v. Vargascortes CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SILVANO VARGASCORTES,<br><br>Defendant and Appellant. | F071063<br><br>(Super. Ct. No. MF011378A)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Gabriel C. Vivas, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Kathleen A. McKenna, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Levy, Acting P.J., Kane, J. and Detjen, J.

Appellant Silvano Vargascortes appeals the denial of his motion to withdraw his nolo contendere plea to one count of assault with the intent to commit rape (Pen. Code, §§ 220, 261, subd. (a)(2))[1] and one count of kidnapping (§ 207, subd. (a)). Appellant contends evidence developed following his plea, from two witnesses known prior to when the plea was entered, was sufficient to justify his requested withdrawal. Appellant further argues he received ineffective assistance of counsel because his counsel failed to fully investigate a potential defense before appellant's plea was entered. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On September 1, 2014, Kern County Sheriff's Deputy Giovanni Rodriquez responded to a call regarding a sexual assault. The victim of the assault, an acquaintance of appellant, explained she had borrowed appellant's truck to go to the store. When she attempted to return the keys to appellant in front of his house, appellant grabbed her arm and dragged her into the residence. The victim protested and tried to resist, but was overpowered by appellant who told her not to resist or it would be worse.

Once inside the home, appellant took the victim to his bedroom and threw her on the bed. He disrobed and attempted to take off the victim's shorts and underwear, saying he liked her but knew she would not allow him to do this voluntarily. She screamed and fought, but appellant covered her mouth and struck her near the eye. Knowing the victim had recently had surgery on that eye, appellant stopped his attack and allowed appellant to go to the bathroom while he got her some water. The victim used this opportunity to try to flee, but was caught by appellant and dragged back to the bedroom.

---

**1**     All statutory references are to the Penal Code unless otherwise specified.

**2**     Facts regarding appellant's criminal conduct are taken from the preliminary hearing.

Appellant then resumed the assault, taking off the victim's pants and underwear, placing his mouth on her vagina, and digitally penetrating her. This time, the victim kicked appellant in the thigh, causing him to stop. She dressed and fled the residence. As she left, appellant followed her to the door and told her nothing had happened.

In the course of the assault, the victim received scratches on her arms and neck, and bruises on her arms. Her broken sunglasses were found in appellant's bedroom. Later, via a pretext call monitored by Deputy Rodriguez, the victim asked appellant why he had tried to rape her and stated he had hurt her. Appellant responded by asking for forgiveness, claiming he had just been desperate, and saying he would never do it again. He admitted covering the victim's mouth because she was screaming.

Appellant was arrested and charged with six criminal counts including kidnapping to commit oral copulation (§ 209, subd. (b)(1)/count 1), assault with the intent to commit rape (count 2), sexual battery (§ 243.4, subd. (a)/count 3), forcible oral copulation (§ 288a, subd. (c)(2)) with a potential 25-years-to-life enhancement for kidnapping (count 4), forcible sexual penetration (§ 289, subd. (a)(1)) with a potential 25-years-to-life enhancement for kidnapping (count 5), and kidnapping (count 6).

Appellant initially pleaded not guilty and rejected an initial plea offer of seven years to life on count 1. On November 7, 2014, and following his September 12, 2014, preliminary hearing, appellant pleaded nolo contendere to counts 2 and 6 in exchange for a determinate sentence of 12 years.

On December 18, 2014, appellant indicated his desire to withdraw his plea. The court set a briefing schedule and continued sentencing until January 22, 2015. Appellant moved to withdraw his plea based on statements obtained from two potential witnesses, Ivan Cortez and Juan Antonio. Mr. Cortez stated he had seen appellant and the victim develop a close relationship approximately eight months before appellant's arrest, including a period of time where appellant and the victim lived together. Mr. Antonio

3

stated both appellant and the victim had confirmed they were in a relationship at some point in the past and that Mr. Antonio had seen the two kiss on multiple occasions.

Appellant's counsel also submitted a declaration. In it, counsel stated she had "received information that there were two witnesses who could provide material information" prior to appellant's plea, but had been unsuccessful in making contact with those witnesses previously. After appellant's plea was entered, appellant provided counsel with phone numbers and addresses for these witnesses and the above referenced declarations were developed. Counsel further claimed appellant "would not have entered a guilty plea had we located the witnesses prior to readiness."

The People opposed appellant's motion. At the January 22, 2015, hearing, counsel again conceded knowing about the potential witnesses before the plea agreement but argued she was unable to locate them and that a language barrier compounded the issue. The trial court denied appellant's motion, finding that "in relation to the statements made in the pretext phone call," it did "not believe that the witnesses' testimonies were so beneficial to your client as to vacate the plea in this case." The trial count further found appellant had "made a knowing, intelligent, and voluntary plea bargain based on the evidence that he was aware of."

Appellant was sentenced in line with his plea bargain. This appeal timely followed.

## DISCUSSION

Appellant raises two allegations of error. First, appellant claims the trial court wrongly denied the motion to withdraw his nolo contendere plea based on evidence developed after his plea bargain. Second, appellant claims he received ineffective assistance of counsel due to his counsel's failure to develop evidence from the two witnesses identified above prior to his plea.

4

***Appellant's Motion to Withdraw His Plea***

*Standard of Review and Applicable Law*

"On application of the defendant at any time before judgment …, the court may … for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (Pen. Code, § 1018.) "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. [Citations.] But good cause must be shown by clear and convincing evidence." (*People v. Cruz* (1974) 12 Cal.3d 562, 566.)

"The granting or denial of an application to withdraw a guilty plea is within the discretion of the trial court after a consideration of all the factors necessary to bring about a just result; and the decision of the trial judge will not be disturbed on appeal unless an abuse thereof is clearly demonstrated." (*People v. Waters* (1975) 52 Cal.App.3d 323, 328.) "The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712, fns. omitted.)

*The Trial Court Did Not Abuse Its Discretion*

Appellant argues his decision to enter a nolo contendere plea was the product of ignorance or otherwise made against his free will because he was unaware of the testimony that would be provided at his trial by Messrs. Cortez and Antonio. We do not agree. Appellant conceded in the course of his motion that these witnesses were known to him and known to have potentially material information. Indeed, appellant himself was able to provide the contact information that ultimately led to their statements. Thus, their existence as witnesses alone would not be sufficient grounds to set aside appellant's plea. (See *People v. Watts* (1977) 67 Cal.App.3d 173, 183 (*Watts*) [knowing of witness

5

but not his or her ultimate testimony not sufficient grounds to withdraw plea].) Similarly, the fact that appellant was unsure of these witnesses' testimony is not grounds to withdraw his plea. (*Ibid.*; *People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416 (*Breslin*) [not knowing victim may have wanted to recant after guilty plea was entered was not sufficient grounds to withdraw plea].) Ultimately, failing to appreciate the strength of one's case does not warrant withdrawing one's plea. (*Watts*, *supra*, 67 Cal.App.3d at p. 183.)

Even if such evidence could demonstrate sufficient grounds to withdraw a plea, appellant has failed to show the trial court abused its discretion in rejecting appellant's evidence. As noted, the trial court reviewed the evidence submitted by appellant, compared it to the evidence of appellant's guilt, and concluded as a matter of fact that the new evidence was not so beneficial to appellant's claims to warrant withdrawing the plea. We conclude substantial evidence supports this finding.[3]

The evidence offered by appellant does little beyond demonstrating appellant and the victim had a past relationship that may have been sexual. This allegation alone is insufficient to decriminalize appellant's conduct. (See *People v. Fontana* (2010) 49 Cal.4th 351, 362 ["A defendant may not introduce evidence of specific instances of the complaining witness's sexual conduct, for example, in order to prove consent by the complaining witness."].) In contrast, appellant's guilty plea finds factual support in statements from the victim, physical evidence supporting her claim, and appellant's own admissions regarding his conduct. The trial court's determination that appellant's new

---

[3] Appellant argues the evidence against him was subject to several potential attacks and thus was not as strong as the trial court concluded. But this is beside the point. The question before us is whether, viewed in the light most favorable to the trial court's decision, substantial evidence supports the judgment. (*People v. Quesada* (1991) 230 Cal.App.3d 525, 533.) We do not reweigh the evidence.

6

testimony was not clear and convincing evidence of good cause to withdraw the plea was therefore supported by substantial evidence.

Relying upon *People v. Harvey* (1984) 151 Cal.App.3d 660 (*Harvey*) and *People v. Ramirez* (2006) 141 Cal.App.4th 1501 (*Ramirez*), appellant argues his counsel's failure to develop the known witnesses' testimony withheld a potentially meritorious defense from appellant prior to his plea. Again we disagree and note that both cases are readily distinguishable.

*Harvey* involved a situation where defense counsel retained a psychologist who determined the defendant was unable to form the mental state required for first degree murder but never informed the defendant of this fact. (*Harvey*, *supra*, 151 Cal.App.3d at p. 668.) The defendant in *Harvey* had never conceded she had the requisite mental state, instead testifying she could not recall what her mental state was. (*Id.* at p. 669.) In those unique circumstances, we held it would be unfair to impute knowledge of the psychologist's testimony to the defendant in light of counsel's apparently secret decision to withhold a potentially meritorious defense prior to the plea. (*Id.* at p. 670-671.)

*Ramirez* involved a similar flaw, but from the other side of the bar. There the prosecution withheld a potentially exculpatory statement from the defendant until after he had pleaded. (*Ramirez*, *supra*, 141 Cal.App.4th at p. 1506.) The exculpatory statement raised a previously unknown defense to the charge supporting the harshest punishments, along with other lesser charges. (*Id.* at pp. 1506-1507.) In those circumstances, the defendant was permitted to withdraw his plea, which had included dropping the harshest charges against him, because the new information "identified new defense witnesses, potentially reduced [the defendant's] custody exposure, and provided possible defenses to several charges." (*Id.* at p. 1508.)

Thus, in both cases cited by appellant, a potentially meritorious defense was fully withheld from the defendant which affected the defendant's ability to fairly determine whether to plead guilty. Such is not the case here, where the facts demonstrate appellant

7

was fully aware of his potential defense. The trial court could fairly infer appellant was aware of his alleged relationship with the victim if it had occurred, and appellant conceded the witnesses offered in support of that relationship were known to him prior to entering his plea. Appellant's knowledge of his defense is further confirmed by counsel's questions to the investigating officer at the preliminary hearing which, although stymied by objections, sought to determine whether the officer had investigated a potential prior relationship between the victim and appellant. In light of these facts, the trial court did not abuse its discretion in refusing to allow appellant to withdraw his plea.

## *Ineffective Assistance of Counsel Claim*

*Standard of Review and Applicable Law*

To establish ineffective assistance of counsel, appellant must show that counsel's performance "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Id.* at p. 694.)

" 'Where, as here, a defendant is represented by counsel during the plea process and enters his [or her] plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." ' [Citation.] 'The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial.' " (*Breslin*, *supra*, 205 Cal.App.4th at pp. 1418-1419.)

" 'Tactical errors are generally not deemed reversible; and counsel's decisionmaking must be evaluated in the context of the available facts. [Citation.] To

8

the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." ' " (*People v. Hart* (1999) 20 Cal.4th 546, 623-24.) "Where a defendant has been denied the effective assistance of counsel in entering a plea of guilty, he is entitled to reversal and an opportunity to withdraw his plea if he so desires." (*People v. Hunt* (1985) 174 Cal.App.3d 95, 104.)

*Appellant Cannot Show Ineffective Assistance of Counsel*

Appellant argues counsel was ineffective in failing to complete the interviews of Messrs. Cortez and Antonio before recommending he plead nolo contendere. We disagree. As a starting principle, there is no absolute duty for counsel to investigate all prospective witnesses and one cannot presume prejudice "from the mere fact of counsel's alleged inaction." (*People v. Knight* (1987) 194 Cal.App.3d 337, 345.) While the record reflects counsel made an attempt to reach these witnesses and recommended a plea prior to contacting them, this is not sufficient to show deficient conduct as there is no evidence counsel and defendant were unaware of the defense for which the witnesses might be relevant and, as noted above, the evidence suggests otherwise. (*People v. Waters* (1975) 52 Cal.App.3d 323, 330-331.) Ultimately, the decision to plead prior to making contact with these witnesses was a tactical decision. As there is no evidence in the record on why counsel suggested a plea bargain without these witnesses' statements, appellant's claim must be rejected on appeal. (*Breslin*, *supra*, 205 Cal.App.4th at p. 1419.)

Likewise, there is no evidence of prejudice. On the record before us, we see no reasonable probability that appellant would have pleaded not guilty had the witnesses' testimony been known at the time of his plea. Appellant bargained for a 12-year determinate sentence despite facing multiple charges which each supported a life sentence. Appellant did so facing both circumstantial evidence (in the form of bruising consistent with the kidnapping claim and broken sunglasses consistent with the strike to

9

the face claim) and direct evidence (in the form of appellant's recorded confession) strongly supporting guilt. Even if appellant had the disputed testimony in hand at the time of his plea, it did not establish an absolute defense to any of the charges and only added evidence to a defense that was impliedly known by the preliminary hearing. Considering the totality of the circumstances, we are not convinced appellant would have forgone his favorable plea and proceeded to trial on such limited additional evidence. (*Breslin*, *supra*, 205 Cal.App.4th at p. 1421.)

## DISPOSITION

The judgment is affirmed.