Filed 8/10/16  P. v. Parra CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. AGUSTIN JAIME CORONA PARRA, Defendant and Appellant. | F071587 (Kern Super. Ct. No. LF010174A) **OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Poochigian, J. and Peña, J.

Appellant Agustin Parra appeals the denial of his motion to withdraw his nolo contendere plea to one count of making criminal threats (Pen. Code, § 422, count 2)[1] and one count of willful infliction of corporal injury (§ 273.5, subd. (a), count 3), with enhancements for using a deadly or dangerous weapon (§ 12022, subd. (b)(1)) and inflicting great bodily injury (§ 12022.7, subd. (e)), and two enhancements for prior felony convictions. (§§ 667, subds. (a)(1), (e).)[2] Appellant contends his plea was involuntary due to his mental condition at the time and because he received ineffective assistance of counsel. For the reasons set forth below, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2014,[3] appellant was arrested for attacking his fiancée, Ms. Gabriela Ruiz. According to a report filed by the Kern County Sheriff's Department, after Ms. Ruiz received a telephone call, appellant accused Ms. Ruiz of cheating on him and assaulted her. In the course of the assault, appellant attacked Ms. Ruiz with a kitchen knife, cutting her right thigh. Appellant also strangled Ms. Ruiz while apologizing for the belief that he would have to murder her. When Ms. Ruiz was able to escape appellant's attack and call for help, appellant fled.

Appellant was ultimately charged with assault with a deadly weapon (§ 245, subd. (a)(1)), making criminal threats, willful infliction of corporal injury, and attempted murder (§§ 187, 664), with each count carrying multiple enhancements. These charges carried a minimum potential sentence of 29 years. In addition, appellant faced an alleged

---

[1] All statutory references are to the Penal Code.

[2] Appellant's argument includes a request that his guilty plea with respect to a probation violation, taken in the same proceedings and related to the same conduct, but relevant to a separate case, also be vacated. No separate notice of appeal has been filed with respect to the case supporting the probation violation.

[3] Subsequent references to dates are to dates in 2014 unless otherwise noted.

parole violation based on the same conduct. Appellant retained Jessie Whitten as counsel to represent him.

On October 8, appellant pleaded no contest to counts 2 and 3, and admitted his pending parole violation. In exchange, appellant was promised a 13-year sentence on counts 2 and 3, a consecutive 8-month sentence on the parole violation, and dismissal of all remaining charges. The trial court engaged in a plea colloquy for both the charges in this case and the related probation violation. When the trial court recounted the plea agreement and asked appellant if the agreement was correctly stated and in line with his understanding, appellant responded "Yes, ma'am." When asked if he understood that the great bodily injury allegation meant he would be required to serve 85 percent of his sentence, appellant responded "Yes, your Honor." Appellant further confirmed he had reviewed with his attorney the rights identified in the written "Waiver of Rights" form he had signed, stated he understood those rights "Perfectly," and, when asked if he had any questions, sought to confirm that his guilty plea would also resolve his probation violation. The trial court accepted appellant's plea and, after a discussion with appellant, sent him to "the fifth floor" to conduct an interview with the probation department.

The subsequent probation officer's report contained a personal history "obtained from the defendant" which included a notation on alcohol and drug use stating appellant "denied any prior use of alcohol and/or illegal narcotics." With respect to appellant's self-reporting on his health and disabilities, appellant "indicated he is currently taking medication for anxiety and ADHD." Appellant denied culpability for the crimes he had pleaded no contest to and declined to provide a written or verbal statement on them.

Appellant failed to appear for his initial sentencing hearing on December 3. After appellant had been detained on a no-bail warrant, Mr. Whitten informed the court that appellant wished to withdraw his plea and, due to that request, Mr. Whitten needed to withdraw from the representation. Appellant was assigned a public defender and filed a motion to withdraw his plea.

3.

The trial court held a hearing to take evidence on appellant's motion. At that hearing, appellant testified he had been taking Adderall and Xanax since early 2010. Having no insurance, appellant paid for his prescriptions in cash and sometimes found himself without adequate funds to purchase his medicine, leading him to abruptly stop using them. Appellant claimed one of these medication stoppages occurred around the time he pleaded nolo contendere. Appellant further claimed Mr. Whitten was fully aware of his medical issues, but took no action to investigate their potential effect on the charges against him.

Appellant explained that he filled a prescription for 60 Xanax pills on September 17, with orders to take two per day. According to appellant, he began taking an additional pill each day around September 23 due to the stress of his legal proceedings, and ran out of medication by October 5. This lack of medicine caused appellant to be irrational and confused at his plea hearing on October 8, such that he claimed to be having auditory hallucinations during the hearing and was unable to recall the proceedings or the following probation interview with any real specificity.

On October 11, appellant allegedly suffered a seizure which was witnessed by Ms. Ruiz. He went to the hospital the next day and was given additional Xanax medication. The parties stipulated that the abrupt stoppage of Xanax can lead to an increased potential for seizures and that Adderall lowers a person's threshold for seizures.

Ms. Ruiz testified on appellant's behalf. Ms. Ruiz asserted she had spoken to Mr. Whitten multiple times about appellant's mental issues, which she described as "a lot of depression." These discussions had occurred in both April, as a result of a separate incident where appellant allegedly attacked Ms. Ruiz, and July, following the current attack. Ms. Ruiz claimed she told Mr. Whitten that appellant attacked her because he was off of his medications. However, she later admitted that appellant was also drunk when he attacked her.

Mr. Whitten also testified. A lawyer with ten years of criminal defense experience, Mr. Whitten explained he had spent several hours discussing the present case with appellant. Mr. Whitten had also represented appellant in a prior matter from around April 2014 during which he spent another four hours or so discussing legal issues with appellant. Mr. Whitten testified that appellant never mentioned mental health issues in those discussions, instead blaming all of his issues on drinking, and that appellant fully denied all of the charges. Mr. Whitten further testified that he had spoken to Ms. Ruiz a couple of times, but that she had not mentioned mental health as an issue, other than a general reference to emotional problems. Mr. Whitten confirmed, however, that he had seen, prior to the plea agreement, at least one notation in a police report indicating Ms. Ruiz had told the police about appellant's use of medication.

At no point during any of his discussions with appellant, including the time they spent discussing the present plea, did Mr. Whitten feel appellant was mentally unstable or incapable of understanding the proceedings. At most, Mr. Whitten thought appellant was slightly agitated, which he attributed to appellant being in the stressful position of having to decide whether or not to accept the offered plea deal. Mr. Whitten admitted that, based on his observations and discussions, he did not review appellant's medical history, did not discuss the possibility of a not guilty by reason of insanity plea, did not consider retaining a psychologist or psychiatrist, did not refer appellant to a mental health professional, and never had a reason to believe appellant's sanity was an issue.

Following the testimony and argument, the trial court denied appellant's motion to withdraw his plea. Relying on the court's own impressions of its colloquy with appellant, which the court described as "a lucid conversation regarding what was happening" where appellant "clearly understood what he was doing," the court found no indication that appellant's "stoppage of his medications, if that actually occurred, led to any confusion on the date he entered the plea." While the court concluded appellant did suffer a seizure on October 11, it found this incident "did not affect what he did on October 8." The court

then further found that nothing in the record indicated Mr. Whitten should have investigated a not guilty by reason of insanity defense and concluded Mr. Whitten had done "a thorough and competent job in representing" appellant.

Appellant was subsequently sentenced. This appeal timely followed.

## DISCUSSION

### *Appellant's Motion to Withdraw His Guilty Plea*

Appellant contends that, in the face of clear evidence he suffered a seizure shortly after his guilty plea was entered, the trial court abused its discretion in denying his motion to withdraw his guilty plea due to mental infirmity at the time of the plea.

*Standard of Review and Applicable Law*

"On application of the defendant at any time before judgment …, the court may … for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (§ 1018.) "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. [Citations.] But good cause must be shown by clear and convincing evidence." (*People v. Cruz* (1974) 12 Cal.3d 562, 566.)

"The granting or denial of an application to withdraw a guilty plea is within the discretion of the trial court after a consideration of all the factors necessary to bring about a just result; and the decision of the trial judge will not be disturbed on appeal unless an abuse thereof is clearly demonstrated." (*People v. Waters* (1975) 52 Cal.App.3d 323, 328.) "The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712.)

6.

*The Trial Court Did Not Abuse Its Discretion*

The trial court concluded appellant had not properly demonstrated he was suffering adverse effects from ceasing his Xanax medication on October 8. Appellant contends his seizure on October 11 bears out his claim that the trial court erred in this conclusion. We do not agree.

Substantial evidence supports the trial court's conclusion that appellant was not suffering from withdrawal symptoms on October 8. Indeed, several facts support the trial court's ruling. First, the trial court engaged in a substantial colloquy with appellant, upon which the court could properly rely, during which the court saw no evidence of mental impairment. (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 918.) Second, appellant's own testimony belied his claim to have run out of medicine. Indeed, accepting appellant's calculations, he would not have taken his last pill until the end of the day on October 8.[4] Third, appellant's assertion he was off his medication contradicts his statement in the probation officer's report that he was "currently taking medication for anxiety and ADHD." Finally, even if the court had accepted appellant had recently gone off his medication, there was no evidence in the record regarding how long withdrawal symptoms take to manifest in seizures or increase hallucinations and, thus, appellant could not provide clear and convincing evidence of mental illness affecting his plea on October 8. Given these factors, we find the trial court did not abuse its discretion in determining appellant's plea was properly entered and, thus, in denying appellant's motion to withdraw his plea.

---

[4]     At the prescribed two pills per day, totaling 2 milligrams per day, appellant would have taken 44 pills in the 22-day period between September 17, when the prescription was filled, and the end of the day on October 8. He would have also taken an additional 16 pills, based on his self-directed increase to take 3 milligrams per day, during the 16-day period of September 23 through the end of the day on October 8. The September prescription was for 60 pills.

***Appellant's Ineffective Assistance of Counsel Claim***

Appellant also contends he received ineffective assistance of counsel when entering his plea because his counsel had failed to investigate the potential of an insanity defense.

*Standard of Review and Applicable Law*

To establish ineffective assistance of counsel, appellant must show that counsel's performance "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694 (*Strickland*).) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Id.* at p. 694.)

" 'Tactical errors are generally not deemed reversible; and counsel's decisionmaking must be evaluated in the context of the available facts. [Citation.] To the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation .…" ' " (*People v. Hart* (1999) 20 Cal.4th 546, 623-624.) "In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." (*Strickland*, *supra*, 466 U.S. at p. 694.)

*Appellant Cannot Show Ineffective Assistance of Counsel*

Appellant contends his counsel had an obligation to fully investigate a not guilty by reason of insanity defense, and his failure to do so constituted ineffective assistance of counsel. We do not agree.

The trial court reviewed the evidence presented and concluded there was nothing in the record to indicate the need to investigate an insanity defense. We agree. Although

Ms. Ruiz testified at the withdrawal hearing that appellant may have been off his medication during the July attack, her insistence that the incident was driven by appellant's lack of medication conflicts with Mr. Whitten's testimony that Ms. Ruiz mentioned appellant's emotional issues but not the influence of medication when discussing the crime with him. Moreover, even if Ms. Ruiz had mentioned a lack of medication, appellant's full denial of the charges and his statements to Mr. Whitten that drinking was the driving factor in his conduct were sufficient for Mr. Whitten to make a tactical decision not to expend resources on an insanity plea. As appellant cannot show Mr. Whitten's conduct fell below an objective standard of reasonableness, he cannot show ineffective assistance of counsel.

Even if such a finding could be made, we see no prejudice in the record presented. Appellant already held a potential defense argument that his mental state was compromised by alcohol, which is analogous to the withdrawal from medicine argument, and had initially pleaded not guilty under a denial theory. As the plea entered substantially reduced appellant's prison time, and resolved appellant's other outstanding matter, there is no evidence in the record appellant would have rejected the proposed plea deal had further investigation into an insanity defense been completed prior to the offer. (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1420-1421.)

### *Appellant's Habeas Petition*

On November 17, 2015, this court received a motion for leave to lodge a supplemental brief from appellant in proper persona. We denied the motion on the ground that appellant was already represented by counsel. Around the same time, appellant also filed a petition for writ of habeas corpus in case No. F072707. The petition raised five grounds for relief. The first four, alleged appellant had been denied various constitutional rights due to counsel's failure to investigate his history of mental illness, and were argued as an ineffective assistance of counsel claim. We have rejected that

9.

argument herein.  The fifth alleged appellant was not "awarded all available pre-plea constructive custody credits."[5]

We agreed to defer ruling on appellant's petition when filed, and to consider it at the time of this appeal.  In a separate order, we deny appellant's petition.

## DISPOSITION

The judgment is affirmed.

---

[5]     Appellant's petition identified no allegedly missing credits.  In our independent review, we have not identified any potentially missing credits either.