Opinion
 

 ROTH, P. J.
 

 This appeal is from a judgment of guilty entered November 5, 1976, and is predicated upon a plea of guilty theretofore
 
 *889
 
 made on July 20, 1976, to a violation of Health and Safety Code section 11352, subdivision (a)—sale of heroin (a felony).
 

 No motion for a dismissal thereof having been made, we treat the untimely appeal submitted on briefs filed in this court by the respective parties as a petition for a writ of habeas corpus because the decisive underlying issue is the competence of counsel.
 
 [1]
 

 Appellant had originally on April 6, 1976, pleaded not guilty to the above charge and denied four prior felonies also charged. He was admitted to bail and remained on bail until sentenced on November 5, 1976.
 

 On July 20, 1976, which had been fixed as the trial date, counsel moved to withdraw the plea of not guilty. The proceeding which followed is a model of legal completeness. Pertinently, it appeared that for at least a week prior thereto, counsel had been negotiating with the district attorney as a consequence of which it was agreed that appellant would plead guilty to the charged sale of heroin and the four priors charged in the' information would be dismissed. During the procedure, appellant, his counsel being present, made clear answers; did not remotely suggest that he was innocent of the charge, or that he was acting reluctantly, unwillingly or in any manner other than as a result of his free will. A date was set for hearing on probation and sentence.
 

 There were additional continuances. Two of them were apparently caused by the representation of counsel to the court that appellant desired to move to withdraw his plea of guilty and that counsel and appellant were seeking other counsel for that purpose because original counsel expected to be a witness on the motion.
 

 The hearing for probation and sentence was finally had on November 5, 1976, and at that hearing appellant’s counsel asserted in pertinent part:
 

 “. . . Your Honor, there is a motion to withdraw the plea of guilty. And let me kind of explain the problem here that [appellant] has been confronted with.
 

 
 *890
 
 <<
 

 “[On August 23] [appellant’s] matter was called. I made a representation to the Court that [appellant] and I had had some conversations about the plea problem, that he contemplated changing attorneys. And I asked for a continuance of two or three weeks so that he might make these arrangements. And this new attorney ostensibly was going to present this motion.
 

 “I had told [appellant] that I visualized myself on the motion as being as much a witness or more of a witness than counsel because I thought the new attorney might put me on the stand and ask me to characterize the relationship that I had had with [appellant] and the
 
 reluctance
 
 with which he entered the plea and the fact that he did so,
 
 in my opinion,
 
 because he
 
 ultimately yielded to my own persuasions and prejudices.
 

 “I did that because I thought the plea was in his best interests.
 

 “In any event, he was kind of stuck between the devil and the deep blue sea. He couldn’t get an attorney to present the motion and I am presenting it now for him on that basis.
 

 “I
 
 will warrant to the Court that
 
 [appellant]
 
 did not plead guilty willingly.
 

 [2]
 

 “Section 1018 of the Penal Code, which, obviously, invests the Court with discretion in granting or denying these motions, does say in its very language that the section should be liberally construed so as to promote the ends of justice.
 

 “I know that you can’t make these motions just on frivolous or unsubstantial grounds. I don’t feel that’s the situation in this case.” (Italics added.)
 

 The prosecution in response remarked:
 

 
 *891
 
 . . Your Honor, in the development of our law to this point, plas
 
 [sic]
 
 have always been sanctioned and they’ve been looked upon with favor—particularly when they were freely and voluntarily made and made with the defendant being fully aware of the charges against him, the availability of defenses and, more particularly,
 
 when he has been shepherded throughout the proceedings by able and skilled counsel.
 

 “I would submit, not because of my participation in these proceedings, but because of what I know about [appellant’s counsel’s] reputation, that all of these criteria have been met.
 

 “And I would submit it. I think the plea is valid. The plea was entered by this defendant with the full knowledge of the possible consequences and nothing that has been said this date by way of offer of proof should induce the Court to set aside those indications.
 

 “And, I would submit it.” (Italics added.) Appellant’s attorney replied:
 

 “. . . My rejoinder to that is if this plea were involuntarily made, I don’t think the Court would have any discretion to deny the motion.
 

 “The section gives the Court broad discretion to deny or grant a motion such as this. And the freeliness
 
 [sic]
 
 or voluntariness of the plea is irrelevant at this particular stage of the proceedings because if it weren’t voluntary, the Court wouldn’t have any discretion.
 

 “We are asking the Court to exercise its discretion in favor of the interests of justice. And that is the specific language of the statute.
 

 “I think this is one of the cases where the Court should exercise its discretion in favor of withdrawal of the plea.” The trial court’s
 
 only
 
 remark concerning the motion was: “The Court is going to deny the motion to withdraw the plea of guilty. And the motion to withdraw the plea of guilty is denied.”
 

 The trial court thereupon pronounced sentence in accordance with the plea bargain.
 

 We accept as established principles that: “The granting or denial of an application to withdraw a guilty plea is within the discretion of the
 
 *892
 
 trial court after a consideration of all the factors necessary to bring about a just result; and the decision of the trial judge will not be disturbed on appeal unless an abuse thereof is clearly demonstrated.
 
 (.People
 
 v.
 
 Superior Court (Giron)
 
 (1974) 11 Cal.3d 793, 798 [114 Cal.Rptr. 596, 523 P.2d 636]:
 
 In re Brown
 
 (1973) 9 Cal.3d 679, 685 [108 Cal.Rptr. 801, 511 P.2d 1153].) While the section is to be liberally construed and a plea of guilty may be withdrawn for mistake, ignorance, or inadvertence or any other factor overreaching defendant’s free and clear judgment, the facts of such grounds must be established by clear and convincing evidence.
 
 (People
 
 v.
 
 Cruz
 
 (1974) 12 Cal.3d 562, 566 [116 Cal.Rptr. 242, 526 P.2d 250]; see also
 
 People
 
 v.
 
 Dena
 
 (1972) 25 Cal.App.3d 1001, 1008 [102 Cal.Rptr. 357].)”
 
 (People
 
 v.
 
 Waters
 
 (1975) 52 Cal.App.3d 323, 328 [125 Cal.Rptr. 46].)
 

 The rationale of the latter rule, that pleas apparently provident when made may not be whimsically withdrawn, depends for its proper application, however, upon the supposition the trial court has before it facts súfficient to support its considered judgment in passing on the question.
 
 [3]
 
 Here there was presented the representation of appellant’s counsel (in the form of a conclusionary warranty) that appellant yielded
 
 unwillingly
 
 or with “reluctance” to counsel’s “persuasions and prejudices.” In our opinion, counsel’s warranty that appellant “. . . ultimately yielded to my own persuasions and prejudices . . .” and “. . . did not plead guilty willingly” was not sufficient to embrace a prima facie
 
 legal
 
 showing that appellant’s withdrawal of his not guilty plea was involuntary.
 
 [4]
 
 Assuming appellant was reluctant or “unwilling” to change his plea, such state of mind is not synonomous with an involuntary act.
 
 [5]
 
 Lawyers and other professional men often persuade clients to act upon advice which is unwillingly or reluctantly accepted. And the fact that such advice is unwillingly or reluctantly acted upon is not a “. . . factor overreaching defendant’s free and clear judgment” of what should be done to find a means to alleviate the situation with respect to which the client seeks advice.
 

 
 *893
 
 Nothing probative other than the conclusion or opinion of appellant’s counsel appears which would shed light on how counsel’s persuasions and prejudices affected his client’s free will. The only statements made by counsel were that he had been informed by appellant that the police officers had lied and that appellant had from the time of the preliminary expected the case to go to trial.
 

 We have every right to assume that since seasoned counsel did not use the word involuntary, he knew that he had not and he did not warrant or argue that he did deprive appellant of appellant’s free will to make his own choice. In brief we are satisfied that reputable counsel made a thoroughly competent effort on behalf of appellant and we are satisfied too that the court did not abuse its discretion in denying the motion.
 
 [6]
 

 There is an ancillary question pregnant in the proceedings on the motion to withdraw the guilty plea suggested by the cases cited in footnote 4, particularly
 
 In re Brown,
 
 (1973) 9 Cal.3d 679, 684 [108 Cal.Rptr. 801, 511 P.2d 1153]. That question is whether there was anything before the court in the proceedings on the motion or in the record which should have alerted the court to the fact that appellant’s counsel and appellant were at such odds in their relationship as to require the appointment of other counsel to represent appellant on the motion and to otherwise proceed in the case. The trial judge as heretofore noted had been advised that other counsel was being sought to make the motion because counsel representing appellant expected to take the witness stand.
 

 It appears from the record that appellant’s counsel had known and represented appellant for a period of 12 years. And at the time appellant acted albeit unwillingly upon his counsel’s advice and at all times during the pendency of the proceedings prior to the imposition of sentence except for a period of four days, appellant was at liberty on bail.
 

 
 *894
 
 The case was called for trial on July 20, 1976, predicated upon appellant’s plea of not guilty. It then appeared that a plea bargain had been negotiated during the week prior to the trial date, the effect of which was that the four prior felonies charged would be dismissed and appellant would plead guilty and make an application for probation.
 
 [7]
 

 It was also developed that the change to a plea of guilty was discussed with appellant prior to negotiations for a plea bargain. Some weeks thereafter, appellant had a lack of confidence in its value and decided to withdraw his plea of guilty. The strategy for its withdrawal was then evolved and agreed to between appellant and his counsel and the results thereof have been stated above. Finally, at the hearing for probation and sentence at the commencement of which the motion was made, there was not the remotest indication by appellant or his counsel that appellant was in any way dissatisfied with his representation.
 

 There is every indication that appellant and his counsel had a continuous, cooperative and amicable relationship and that counsel represented appellant competently from the commencement of counsel’s employment to and through the sentencing procedure on November 5, 1976. We so hold.
 

 The judgment is affirmed; treating the appeal as a petition for habeas corpus, the petition is denied.
 

 Fleming, J., and Beach, J., concurred.
 

 [1]
 

 Appellant was sentenced to state prison and judgment to that effect was entered on November 5, 1976. The certificate of probable cause (Pen. Code, § 1237.5) was untimely issued on May 23, 1978, and untimely filed in the superior court on May
 
 23,1978,
 
 and a notice of appeal dated December
 
 27, 1976
 
 from the judgment entered on November 5,
 
 1976
 
 was filed in the superior court on May 23, 1978.
 

 [2]
 

 Neither the prosecution nor the court called appellant’s counsel to cross-examine on the warranty made.
 

 [3]
 

 The fact that at the time the guilty plea was entered a finding was made it was voluntarily given is of no consequence since that conclusions is a prerequisite to the plea’s acceptance. It in no wise precludes later consideration of allegations associated with a motion to withdraw the plea.
 

 [4]
 

 Cf.
 
 In re Brown
 
 (1973) 9 Cal.3d 679, 684, 685-686 [108 Cal.Rptr. 801, 511 P.2d 1153]). The matter in that respect is akin to those instances where appellant claims inadequate legal representation. (See
 
 People
 
 v.
 
 Marsden
 
 (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44];
 
 People
 
 v.
 
 Munoz
 
 (1974) 41 Cal.App.3d 62 [115 Cal.Rptr. 726].)
 

 [5]
 

 Selected at
 
 random
 
 we find in the Random House College Dictionary the following definitions:
 
 *893
 

 “Involuntary:
 
 1. Not voluntary; done or occurring without choice or against one’s will. 2. Unintentional or unconscious; an involuntary gesture.
 
 “Unwilling-.
 
 1. Not willing; reluctant; loath; averse. 2. Opposed; offering resistance; stubborn or obstinate; refractory.” Finally, the conclusion of appellant’s counsel made in the warranty to the court was calculated and shows by his own admission he knew the distinction, legal and factual, between involuntary and unwilling when he said: “My rejoinder ... is that
 
 if
 
 this plea were involuntarily made,. . . the Court would have [no] discretion to deny the motion.”
 

 [6]
 

 The Supreme Court of the United States has stated in no uncertain terms that guilty pleas entered as a result of a bargain should not be lightly set aside and that the finality of such proceedings should be encouraged.
 
 (Blackledge
 
 v.
 
 Allison,
 
 431 U.S. 63 [52 L.Ed.2d 136, 97 S.Ct. 1621].)
 

 [7]
 

 It does not appear from the record that the deputy district attorney agreed he would not oppose probation but the record does show that he did not.