Filed 8/27/15  P. v. Williamson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>DAVEN LEVI WILLIAMSON,<br><br>　Defendant and Appellant. | 2d Crim. No. B259077<br>(Super. Ct. No. 1452084)<br>(Santa Barbara County) |

Daven Levi Williamson appeals the trial court's order denying his motion to withdraw his no contest plea to possession of methamphetamine for sale (Health & Saf. Code,[1] § 11378).  Appellant contends the court abused its discretion in denying the motion because he established good cause for withdrawing his plea.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

Because appellant pled no contest prior to a preliminary hearing, the relevant facts are derived from the probation report.  Appellant was arrested on an outstanding warrant and taken to jail.  During a search conducted at the jail, a baggie containing approximately two ounces of methamphetamine was found in appellant's shorts.  His backpack was found to contain an electronic scale, a used hypodermic needle, and a glass container with plastic hose attached.

---

[1] All further undesignated statutory references are to the Health and Safety Code.

Appellant was charged with possessing methamphetamine for sale, bringing a controlled substance into a jail (Pen. Code, § 4573), and possession of drug paraphernalia (former § 11364.1, subd. (a)). He initially entered a plea of not guilty to all charges. He subsequently agreed to plead no contest on the section 11378 charge in exchange for dismissal of the remaining counts and five years probation. In executing the form plea agreement, appellant stated: "My attorney . . . has reviewed this form with me. I have read and understand this form. I understand the pleas and admissions I am entering, the consequences thereof and the constitutional rights I am waiving." Appellant's attorney stated that he had fully discussed the matter with appellant and was "satisfied the defendant is voluntarily and of his[] own free will seeking to enter this plea."

At the change of plea hearing, appellant said that he understood the terms of his plea agreement and the consequences of his no contest plea. He also responded "no" when asked if he needed additional time to discuss the case with counsel. The court found that there was a factual basis for the plea, that appellant understood the nature of the charges and the consequences of his plea, and that he "knowingly, intelligently and understandingly waived his rights, and that his waiver of rights and entry of plea are free and voluntary."

When the matter was called for sentencing, appellant brought a *Faretta*[2] motion. After the court granted the motion, appellant moved to withdraw his plea on the ground of ineffective assistance of counsel. Appellant contended that his attorney had discouraged him from demanding a jury trial and had failed to assert his speedy trial rights. He also alleged that counsel had cooperated with the prosecution without his permission by arranging for appellant's girlfriend to conduct a controlled drug buy in exchange for appellant receiving a lesser sentence. Appellant claimed that he only agreed

---

[2] *Faretta v. California* (1975) 422 U.S. 806.

to plead no contest in order to prevent his girlfriend from participating in the controlled buy.

At the hearing on appellant's motion to withdraw his plea, he asserted that his attorney, the prosecutor, and law enforcement had falsely told his girlfriend that he wanted her to conduct the controlled buy. He also claimed that his attorney yelled at him and pressured him to accept the plea deal, and made a comment indicating that he had a heavy caseload. The prosecutor responded that appellant initially wanted his girlfriend to participate in the controlled buy, but subsequently changed his mind and agreed to plead no contest to the section 11378 charge. The prosecutor further represented that appellant's attorney had competently advocated for appellant and had achieved a favorable result given the strong evidence of appellant's guilt. The prosecutor also disputed appellant's claim that he was suffering from emotional distress when he entered his no contest plea.

The court denied the motion after finding that appellant had failed to show by clear and convincing evidence that there was good cause to withdraw his plea. The court noted that appellant had reviewed, signed, and initialed a form plea agreement. The court also noted that it could not recall anything from the plea hearing that would justify withdrawal of the plea.

Appellant accepted the court's offer to have counsel reappointed for sentencing. He subsequently agreed to accept the prosecution's prior offer in lieu of an alternative offer that he serve three years eight months in county jail for the instant matter and a prior case. The court then placed appellant on five years felony probation with terms and conditions. The remaining counts were dismissed. Appellant was granted a certificate of probable cause and timely appealed.

DISCUSSION

Appellant contends the court erred in denying his motion to withdraw his plea. We disagree.

3

A defendant may withdraw a guilty or no contest plea upon a showing of good cause by clear and convincing evidence. (Pen. Code, § 1018; *People v. Archer* (2014) 230 Cal.App.4th 693, 702.) Good cause exists when the defendant was "operating under mistake, ignorance, or any other factor overcoming the exercise of his or her free judgment, including inadvertence, fraud, or duress." (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416.) Such cause does not exist, however, if the "defendant has changed his . . . mind." (*Ibid.*) The court's denial of appellant's motion to withdraw his plea is reviewed for abuse of discretion. (*Ibid.*)

The court did not abuse its discretion. In light of the evidence, the court could reasonably find that appellant had merely "changed his mind" about pleading no contest. There is nothing to indicate that appellant's girlfriend would be forced to participate in a controlled drug buy if he did not enter the plea. If appellant believed otherwise, the withdrawal of his plea would be counterintuitive because it would result in the very danger he purportedly sought to avoid.

Moreover, the court was not required to accept appellant's claim that his girlfriend had agreed to participate in a controlled buy without his knowledge, much less that she had not done so at his behest. According to the prosecutor, appellant had expressed a desire "to work his case off" and arranged to have his girlfriend meet with the police about a controlled buy. After appellant's girlfriend agreed to participate, appellant changed his mind and decided he would rather accept the prosecution's plea deal. Whether appellant feared for his girlfriend's safety—or, as he puts it, "made a conscious decision to take the plea to avoid a greater evil"—does not establish that he pled no contest due to coercion or duress. Virtually all plea deals require the defendant to choose between the lesser of two evils. The fact that appellant's choice involved the interests of a third person is a circumstance of his own making.

The court also properly relied on its recollection of appellant's demeanor during the change of plea colloquy (see *People v. Fairbank* (1997) 16 Cal.4th 1223, 1254), as well as the fact that he signed and initialed an agreement reflecting that his plea

4

was knowing, voluntary, and intelligent (see *In re Moss* (1985) 175 Cal.App.3d 913, 926). Appellant's complaint that his plea was induced by the conditions of is confinement is unavailing because "[n]othing in the record indicates he was under any more or less pressure than every other defendant faced with serious felony charges and the offer of a plea bargain." (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) He fares no better in claiming that his attorney pressured him to accept the plea. "Lawyers and other professional men often persuade clients to act upon advice which is unwillingly or reluctantly accepted. And the fact that such advice is unwillingly or reluctantly acted upon is not a '. . . factor overreaching defendant's free and clear judgment' of what should be done to find a means to alleviate the situation with respect to which the client seeks advice." (See *People v. Urfer* (1979) 94 Cal.App.3d 887, 892.)

Appellant was charged with three felonies and the evidence of his guilt was overwhelming. He accepted a bargain in which he agreed to plead no contest to one count in exchange for probation in lieu of incarceration. In entering that plea, he manifested no signs of reluctance or hesitation. He also signed and initialed an agreement attesting to the fact that he was entering the plea knowingly, voluntarily, and intelligently. Whether he was also motivated by a desire to protect his girlfriend from a conceived harm he helped to create does not render his plea a product of duress or coercion. The court thus did not abuse its discretion in refusing to allow him to withdraw his plea on that basis.

The ordering denying appellant's motion to withdraw his plea is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

5

Patricia Kelly, Judge

Superior Court County of Santa Barbara

_____

California Appellate Project, Jonathan B. Steiner, Executive Director, Suzan E. Hier, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Idan Ivri, Deputy Attorney General, for Plaintiff and Respondent.