Filed 2/3/16  P. v. Wright CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076608 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F02971) |
| v. | |
| ART SAM WRIGHT, | |
| Defendant and Appellant. | |

Defendant Art Sam Wright entered a negotiated plea of no contest to three counts of lewd and lascivious conduct with a child under the age of 14 years (Pen. Code, § 288, subd. (a); unless otherwise set forth, statutory section references that follow are to the Penal Code; counts 1, 4, and 6) in exchange for dismissal of the remaining counts and a stipulated sentence of 12 years in prison.  After denying defendant's motion to withdraw his plea, the court sentenced defendant accordingly.

Having obtained a certificate of probable cause (§ 1237.5), defendant appeals contending the trial court abused its discretion in denying his motion to withdraw his plea.  We will reject this contention.  Defendant also contends that the trial court erred in

1

imposing a $280 restitution fine and the corresponding parole revocation restitution fine (parole fine). We will remand to the trial court so that it may impose the minimum fines.

## FACTS

Between October 1, 2011 and October 1, 2012, defendant fondled the vagina of the 11-to-12-year-old victim on two separate occasions and caused her to touch his penis on another occasion.

## DISCUSSION

### I

### *Motion to Withdraw Plea*

Defendant contends the trial court erred in denying his motion to withdraw his no contest plea, claiming he was not privy to certain discovery and that had he known of exculpatory evidence, he would not have entered his plea. We conclude that the trial court did not abuse its discretion in denying defendant's motion.

We note that the trial court sealed the materials filed in connection with the motion to withdraw the plea, including briefs and exhibits. This court granted the parties' respective motions to file briefs *not* under seal and to cite the sealed materials in their briefs without identifying the persons for whom the sealing was intended to protect.

When defendant entered his plea to three out of 12 counts of lewd and lascivious conduct involving two victims in exchange for a stipulated sentence of 12 years in prison and dismissal of the remaining counts, defendant stated that he understood that he would be unable to withdraw his plea absent sufficient legal cause to do so. He also stated that he had had time to discuss any legal defenses with his attorney.

After entering his plea, defendant retained new counsel and sought to withdraw his plea, claiming his first attorney had failed to inform him of potential defenses and he entered his plea under the mistaken belief that the plea offer was beneficial. Defendant

2

claimed he had no choice but to enter his plea given the potential of a life sentence and the lack of defenses to the crimes. He also complained that his first attorney had failed to appear at more than one scheduled meeting at the jail. After retaining new counsel, defendant claimed he was first informed of evidence in the police reports implicating the father of one of the victims as having molested her and evidence of a connection between the families of his accusers. Defendant also claimed that his first attorney had failed to provide him an opportunity to review the interviews of the victims and the pretext calls between him and the mother of one of the victims. Had he known of the foregoing, defendant claimed he would not have entered his no contest plea.

In opposition, the People argued defendant offered mere speculation and conjecture about inconsistent theories. The People claimed defendant likely knew about allegations against one of the victim's fathers, his assertion about potential defenses lacked merit, and that the pretext calls were more incriminating than exculpatory.

Later, the People filed the declaration of Diane Howard, defendant's first attorney, who stated that she had visited with defendant on three occasions. On the first visit, Howard read the detailed summary of the detective's report to defendant. At that time, defendant acknowledged the ties between the families of the two victims and mentioned that the father of one of defendant's victims had committed suicide presumably because of allegations the father had sexually abused one of defendant's victims and her sister and friends. During that same visit, defendant asked Howard to obtain an offer of single digits.

On the second visit, Howard stated that she reviewed the written discovery that had been provided with defendant and that they discussed possible defenses, potential motives regarding false claims, credibility issues, and the damning nature of the pretext calls. Defendant explained he had not denied the allegations during the pretext calls because he had previously talked about the claims many times. On the third visit, prior to defendant entering his plea, Howard stated that she asked defendant if he wanted to "fight

3

the case or not" and defendant responded that he wanted to accept the People's offer. She discussed with defendant his potential exposure of life based on the charges and multiple victims. Since defendant had requested an offer to resolve the case, Howard had decided not to interview witnesses.

In denying defendant's motion to withdraw his plea, the court determined that defendant had not shown good cause by clear and convincing evidence. To the extent it was implied that Howard had provided ineffective assistance, the court determined that there was no evidence of ineffective assistance.

Section 1018 provides in relevant part that on the application of the defendant at any time before judgment, the court may, "for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted . . . . This section shall be liberally construed to effect these objects and to promote justice." A plea of no contest is considered the same as a plea of guilty. (§ 1016, para. 3.)

Even though section 1018 provides for liberal construction, case law establishes a strict standard for allowing the withdrawal of a guilty plea. " 'Guilty pleas resulting from a bargain should not be set aside lightly and finality of proceedings should be encouraged.' [Citation.]" (*People v. Weaver* (2004) 118 Cal.App.4th 131, 146; *People v. Hunt* (1985) 174 Cal.App.3d 95, 103; *People v. Urfer* (1979) 94 Cal.App.3d 887, 893, fn. 6.) In order to succeed on a motion to withdraw his plea, a defendant has the "burden to produce evidence of good cause by clear and convincing evidence. [Citation.]" (*People v. Wharton* (1991) 53 Cal.3d 522, 585.) To establish good cause, a defendant must show that his plea was not the product of his free judgment. "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. [Citations.]" (*People v. Cruz* (1974) 12 Cal.3d 562, 566.)

We review a trial court's denial of a motion to withdraw a guilty plea for abuse of discretion (*People v. Holmes* (2004) 32 Cal.4th 432, 442-443) and will reverse only if the trial court's "determination is arbitrary or capricious or ' "exceeds the bounds of reason,

4

all of the circumstances being considered." ' " (*People v. Welch* (1993) 5 Cal.4th 228, 234.)

Defendant contends the facts here are similar to those in *People v. Ramirez* (2006) 141 Cal.App.4th 1501 (*Ramirez*). In *Ramirez,* a supplemental police report withheld by the prosecutor contained statements from witnesses that the defendant was not present when a carjacking occurred and suggested the defendant was an unwilling passenger in the car chased by the police. (*Id.* at pp. 1504-1505.) Without being privy to the supplemental report, the defendant pled no contest to armed robbery and evading police in exchange for dismissal of unlawful driving and two counts of carjacking. (*Id.* at pp. 1503-1504.) Prior to sentencing the defendant learned of the supplemental report and sought to withdraw his plea but the trial court denied the motion. (*Id.* at pp. 1504-1505.) *Ramirez* reversed, concluding the trial court abused its discretion in denying the defendant's motion to withdraw his plea since the defendant's ignorance of the report materially affected his decision to enter his plea in that the report "identified new defense witnesses, potentially reduced [the defendant's] custody exposure, and provided possible defenses to several charges, thereby casting the case against him in an entirely different light." (*Id.* at pp. 1507-1508.)

*Ramirez* is distinguishable. Here, defendant did not claim that discovery had been withheld by the prosecutor, knowledge of which would have materially affected defendant's decision to enter his plea. Instead, defendant claimed that Howard did not share with him the discovery which had been provided. Howard rebutted defendant's self-serving claims that he was unaware of allegations of sexual abuse by the father of one of defendant's victims and that he was unaware of the connection between the families of his victims. Howard stated that during her first meeting with defendant, defendant mentioned that the father had committed suicide, that defendant believed that the father did so because of allegations against him (the father) of sexual abuse by the victim, her sister and friends, and that defendant was aware of the ties between the

5

families of the two victims. Howard also rebutted defendant's claims about discovery and defenses. Howard stated that the written discovery provided by the prosecutor had been reviewed with defendant as well as the pretext calls and that she discussed with defendant possible motives for false claims, credibility issues, possible defenses, and the damning nature of the pretext calls. Howard stated that defendant wanted an offer in the single digits. At the next visit, defendant wanted to accept the offer of 12 years, which was significantly less than his potential exposure rather than go to trial.

In denying defendant's motion, the trial court in effect determined that Howard's declaration, not defendant's declaration, was credible. The trial court's credibility determination is entitled to deference and is justified by the record. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254; *People v. Nocelotl* (2012) 211 Cal.App.4th 1091, 1097-1098.) Defendant has failed to demonstrate that the trial court abused its discretion in denying his motion to withdraw his plea.

II

*Fines*

Defendant next contends that the trial court's imposition of a $280 restitution fine and corresponding parole fine was unauthorized and violated his ex post facto protections and due process rights. He asserts that the trial court intended to impose the statutory minimum in effect at the time of his offenses but mistakenly believed it was $280. He also argues that the trial court was unaware it had the authority to impose a fine in an amount less than $280, suggesting the court misunderstood its sentencing discretion. The People respond that defendant's challenge to the fines is forfeited by his failure to object in the trial court. We conclude that the trial court intended to impose the minimum fines but erroneously believed it to be $280. We will remand to the trial court for it to impose the minimum fine.

6

At the time of defendant's offenses (between October 1, 2011 and October 1, 2012), the permissible range of the fine was $200 to $10,000 in 2011 (Stats. 2010, ch. 351, § 9, eff. Sept. 27, 2010) and $240 to $10,000 beginning on January 1, 2012 (Stats. 2011, ch. 358, § 1). The probation report recommended: a $2,400 restitution fine and the same amount for the corresponding parole fine. At sentencing, citing defendant's lack of resources, defense counsel requested the restitution fine be the "statutory minimum" of "$400" or "whatever amount the minimum is" and requested any discretionary fees and fines be stricken. The trial court stated that it intended "to impose only the minimum mandatory fines and fees." Later, the trial court imposed the "minimum restitution fine of $280" and the same for the parole fine without objection from defense counsel.

Had defendant objected, the trial court could have corrected any misunderstanding about the discretionary amount of the fine. "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*People v. Scott* (1994) 9 Cal.4th 331, 353.)

To establish ineffective assistance of counsel, a defendant must show (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 691-692 [80 L.Ed.2d 674]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-217.) To show prejudice, defendant must show a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient. (*Strickland*, at pp. 693-694; *Ledesma*, at pp. 217-218.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland*, at p. 694; accord, *Ledesma*, at p. 218.) Confidence in the outcome has been undermined here.

7

Under prevailing professional norms, a competent defense counsel should have known the minimum restitution fine was $200 in 2011 and $240 in 2012. (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1190; see also *People v. Scott*, *supra*, 9 Cal.4th at p. 351 ["defense attorney who fails to adequately understand the available sentencing alternatives, promote their proper application, or pursue the most advantageous disposition for his client may be found incompetent"]; *People v. Le* (2006) 136 Cal.App.4th 925, 936 [counsel ineffective in failing to object to fine calculation].)

Here, defense counsel affirmatively requested the "statutory minimum" restitution fine of "$400" or "whatever amount the minimum is" when the actual minimum was $200 in 2011 and $240 in 2012. Although defense counsel may have been thinking in terms of a restitution fine and a parole revocation restitution fine in the minimum amount of $200 each, counsel did not object when the court imposed the fine it did which was beyond that which was authorized. There was a reasonable probability, in fact, practically a certainty the trial court would have imposed the minimum restitution fine of $200 or $240 but for defense counsel's error.

Moreover, the record on its face reflects that the trial court misunderstood its discretion. The trial court granted defense counsel's request and imposed the "minimum" $280 fine, thereby rejecting the probation department's recommendation that the court impose a $2,400 fine. The court intended to exercise its discretion and impose the statutory minimum but mistakenly believed it was $280, thereby failing to exercise informed discretion. (See *People v. Deloza* (1998) 18 Cal.4th 585, 599-600; *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 ["Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court"].) We will remand the matter to the trial court in order for it to reconsider the amounts of the restitution fine and the parole revocation restitution fine.

DISPOSITION

The matter is remanded to the trial court in order for it to impose restitution and parole revocation restitution fines as appropriate.  The judgment is otherwise affirmed.


      HULL      , J.


We concur:


      RAYE      , P. J.


      BUTZ      , J.

9