Filed 6/30/22  P. v. Molina CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>CHELSEA ELIZABETH MOLINA,<br><br>     Defendant and Appellant. | F082979<br><br>(Super. Ct. No. MCR067679)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Gordon B. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Poochigian, Acting P. J., Peña, J. and DeSantos, J.

In this appeal, defendant Chelsea Elizabeth Molina challenges the trial court's denial of her request to withdraw her guilty plea. Defendant also notes various fees imposed as part of her sentence that are no longer enforceable and must be stricken from her sentence. While we agree with defendant that certain fees imposed as part of her sentence must be vacated, we conclude the trial court did not abuse its discretion when refusing to allow defendant to withdraw her plea. We vacate certain fees imposed and affirm the judgment in all other respects.

## FACTUAL AND PROCEDURAL SUMMARY

On September 15, 2020, Chowchilla police responded to a report that two females were engaged in an altercation. When they arrived, defendant's sister told a responding officer defendant was barricaded in the garage. After additional officers arrived and convinced defendant to leave the garage, defendant informed one of the officers that she had been sleeping in the garage when her sister started banging on the door. Defendant stated that when she opened the door, her sister punched her in the face. One officer noted he could smell alcohol on defendant's breath at this time.

When officers talked to defendant's sister, she told them that while the family was eating dinner, defendant was "stomping around and opening and closing doors violently." After the sister's daughter expressed a desire to leave, they stepped outside the house and noticed their car had been damaged. The damage to the car consisted of spray-painted obscenities and gang references. The sister stated she then went to her father's motor home that was parked nearby to ask him about her car. At this point, defendant approached her sister and "hit" her in the face. Their father broke up this altercation as well as a second one when everyone went back into the house.

2

On September 17, 2020, a criminal complaint was filed against defendant charging her with assault with a deadly weapon (garden shears) (Pen. Code,[1] § 245, subd. (a)(1), a felony; count 1), vandalism causing damage more than $400 (§ 594, subd. (b)(1), a felony; count 2), and battery (§ 242, a misdemeanor; count 3).  On September 23, 2020, defendant pled guilty to counts 2 and 3, in exchange for a grant of probation and the dismissal of count 1.

At a hearing held on April 27, 2021, defendant attempted to withdraw her prior guilty plea by arguing she received ineffective assistance of counsel when her plea was taken, and that she was prevented from pleading no contest instead of guilty.  In the memorandum of points and authorities that is part of the record for this hearing, defendant states she was experiencing withdrawal from medication she was taking for depression, making it difficult for her to perceive what was going on at the hearing.[2]  In response to the motion, the trial judge noted that when he accepted her plea, he specifically asked defendant if she was taking any medication that would prevent her from understanding the proceedings.  Because she responded no at that time, the judge concluded there was no basis for the motion and denied the request to withdraw the plea.

A notice of appeal was filed on June 24, 2021, and defendant's request for a certificate of probable cause was granted that same day.

## DISCUSSION

Defendant contends the trial court abused its discretion when it refused to hear the merits of her request to withdraw her plea.  Defendant also challenges certain fees imposed at the time of sentencing that are no longer enforceable due to legislative

---

[1]     All future statutory references are to the Penal Code unless otherwise noted.

[2]     No declaration signed under penalty of perjury or testimony was offered to support this contention by defendant in her request to withdraw her plea.

changes. While we vacate certain fees from the sentence, we find no abuse of discretion in the court's refusal to allow defendant to withdraw her plea.

## I.      Defendant's Request to Withdraw Her Plea

When a defendant has had the benefit of being represented by counsel when a plea is entered, the grant or denial of a request to withdraw a plea is within the discretion of the trial court. (*People v. Sandoval* (2006) 140 Cal.App.4th 111, 123.) On appeal, the trial court's decision will be upheld unless there is a clear showing of an abuse of discretion. (*Ibid.*) Furthermore, when a guilty plea has been negotiated, the plea should not be set aside easily since finality in the proceedings should be encouraged. (*Ibid.*) For this reason, the decision of a trial judge will not be disturbed on appeal unless a defendant has presented evidence establishing a clear abuse of discretion. (*People v. Urfer* (1979) 94 Cal.App.3d 887, 891–892.)

A trial court may allow a plea to be withdrawn "for good cause shown," which includes "mistake, ignorance, fraud, duress or any other factor that overcomes the exercise of free judgment." (§ 1018; *People v. Dillard* (2017) 8 Cal.App.5th 657, 665.) "A plea may not be withdrawn simply because a defendant has changed his or her mind." (*Dillard*, at p. 665.) A defendant bears the burden of providing an adequate record on appeal setting out the error below. (*People v. Chubbuck* (2019) 43 Cal.App.5th 1, 12.) " '[A]ny uncertainty in the record must be resolved against the defendant.' " (*Ibid.*) As a result, when the defendant fails to provide an adequate record for review, the claim must fail. (*People v. Whalen* (2013) 56 Cal.4th 1, 85.)

While defendant's motion to withdraw her plea was timely when raised, she failed to meet her burden of proof. Defendant dismisses the lack of a declaration or other evidentiary support for her motion in the trial court. However, something more than argument was necessary to show the reasons for the request to change her plea. Simply citing to a rule of court which delineates the bare minimum required for filing any motion

4

is not persuasive. Each motion has its own needs. For instance, motions that depend on facts or evidence and not simply legal arguments, must be supported by more than a notice of hearing, and a memorandum of points and authorities.[3]

Defendant further argues that there is no specific requirement that a motion to withdraw a plea provide a declaration signed under penalty of perjury. While there may be no statutory requirement, case law clearly supports the conclusion that such a motion must include "clear and convincing" evidence showing the trial court committed an abuse of discretion. (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.) An unsupported statement of facts in a memorandum of points and authorities does not provide clear and convincing evidence. The burden to place evidence in the record belonged to defendant, not the trial court.

Defendant did not meet her burden of proof. An abuse of discretion by the trial court has not been established.

## II. Changes Made by Assembly Bill Nos. 1869 and 177

When defendant was sentenced, the trial court imposed three different fees authorized by section 1203.1b. These fees included a $750 fee for the preparation of a presentence report, a monthly probation supervision fee of $36, and a drug testing confirmation fee of $32. A per day fee authorized by section 1203.1c was also imposed for court ordered presentence confinement, as well as a fee of $12.50 for drug testing when that is a condition of probation under section 1203.1ab.[4] Finally, a booking fee of $78.87, authorized by Government Code section 29550.2 was imposed.

---

[3] For instance, motions brought following a criminal judgment, or a motion for summary adjudication, are just two examples of motions that require evidence to be submitted to a court. (See *People v. Butler* (1945) 70 Cal.App.2d 553, 161; Code of Civ. Proc., § 437c.)

[4] In her opening brief, defendant challenges the $12.50 fee for drug testing as improperly imposed because she did not plead guilty to a crime involving controlled substances. (§ 1203.1ab.) Because defendant concedes in her reply brief that she is not

5

Assembly Bill No. 1869 (2019–2020 Reg. Sess.) (Assembly Bill 1869) repealed section 1203.1b, and Government Code section 29550.2, on July 1, 2021. (Stats. 2020, ch. 92, §§ 25, 47.) Assembly Bill No. 177 (2021–2022 Reg. Sess.) (Assembly Bill 177) repealed sections 1203.1ab and 1203.1c, effective January 1, 2022. (Stats. 2021, ch. 257, §§ 23, 25.) The passage of both Assembly Bill 1869 and Assembly Bill 177 also resulted in the enactment of section 1465.9, which provides in relevant part:

> "(a) The balance of any court-imposed costs pursuant to Section … 1203.1b, as [that] section[] read[s] on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing [that] cost[] shall be vacated.

> "(b) On and after January 1, 2022 the balance of any court-imposed costs pursuant to Section … 1203.1ab [and] 1203.1c, … as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2020, ch. 92, § 62; Stats. 2021, ch. 257, § 35.)

Similarly, Assembly Bill 1869 enacted Government Code section 6111, which states in relevant part:

> "(a) On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to Section … 29550.2, … as [that] section[] read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing [that] cost[] shall be vacated.

> "(b) This section shall become operative on July 1, 2021." (Stats. 2020, ch. 92, § 11.)

Citing *In re Estrada* (1965) 63 Cal.2d 740, defendant contends she should be given the retroactive benefit of these changes. There is no need to apply the presumptive retroactivity of *Estrada* because of the plain language of section 1465.9 and Government Code section 6111. Those statutes specifically state the *balance* of any assessments imposed pursuant to the relevant section are now "unenforceable and uncollectable."

seeking any reimbursement of any fees already paid, we will not address this claim as the issue will be moot once the fee is vacated.

Moreover, "any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (a); Gov. Code, § 6111, subd. (a).)

These two provisions contain no language addressing or concluding defendant is entitled to a refund of any amounts paid before the effective dates. We believe the Legislature was fully aware of the impact of the changes. Assembly Bill 1869 was passed during the 2020 calendar year, but the repeal of each section specified in that bill was not scheduled to occur until July 1, 2021. Assembly Bill 177 was passed during the 2021 calendar year, and the repeal of each section specified in that bill was not scheduled to occur until January 1, 2022. Most legislation passed in one calendar year typically goes into effect on January 1 of the following year. (Cal. Const., art. IV, § 8, subd. (c), par. (1); *People v. Camba* (1996) 50 Cal.App.4th 857, 865.) Given the careful wording of the statutory changes, if the Legislature had intended there to be a retroactive impact on any fees already collected, we believe that language would have been included in those statutes.

The trial court may no longer enforce the fees discussed in this opinion if those fees remain unpaid. As required by section 1465.9 and Government Code section 6111, the enforcement of any unpaid balances for those assessments must be vacated from the judgment imposed. (See *People v. Greeley* (2021) 70 Cal.App.5th 609, 626–627.)

## DISPOSITION

The portion of the judgment imposing fees pursuant to former Penal Code section 1203.1b and Government Code section 29550.2, that remained unpaid as of July 1, 2021, is vacated. The portion of the judgment imposing fees pursuant to former Penal Code section sections 1203.1ab and 1203.1c, that remained unpaid as of January 1, 2022, is also vacated. In all other respects, we affirm.

7