Filed 10/13/23  P. v. Carlock CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RORY DALE CARLOCK,<br><br>Defendant and Appellant. | F084477<br><br>(Super. Ct. No. F21901031)<br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  James A. Kelley, Judge.

Maureen M. Bodo, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Franson, Acting P. J., Snauffer, J. and DeSantos, J.

# INTRODUCTION

Defendant contends on this appeal that the trial court abused its discretion in denying his motion to withdraw his plea. We conclude the court did not abuse its discretion and affirm the judgment.

# PROCEDURAL SUMMARY

Defendant was charged with driving under the influence causing injury (Veh. Code, § 23153, subd. (f); count 1), with an enhancement that he personally inflicted great bodily injury (Pen. Code,[1] § 12022.7, subd. (a)), arson of property during an emergency (§§ 451, subd. (d), 454, subd. (a)(2); count 2), leaving the scene of an accident involving serious injury (Veh. Code, § 20001, subd. (b)(2); count 3), possession of one ounce or more of methamphetamine (Health & Saf. Code, § 11378; count 4), unlawful possession of ammunition (§ 30305, subd. (a)(1); count 5), possession of flammable material (§ 453, subd. (a); count 6), misdemeanor destruction of evidence (§ 135; count 7), and misdemeanor possession of a smoking device (Health & Saf. Code, § 11364; count 8).

Defendant pled no contest to count 1, driving under the influence causing injury, and admitted the great bodily injury allegation. In light of the plea, the court granted the prosecutor's motion to dismiss the remaining counts. Before sentencing, defendant filed a written motion requesting to withdraw his plea. The court issued an order denying the motion. Defendant was sentenced to five years state prison.

# DISCUSSION

Defendant contends the trial court abused its discretion when it denied his motion to withdraw his plea. First, defendant argues the court's denial was not adequately supported by a finding that defendant's plea was knowingly, intelligently, and voluntarily made. Second, defendant contends that he had good cause to withdraw his plea based on his belief he was entitled to half-time credits. Defendant concedes that the court was not

---

[1] All statutory references are to the Penal Code except where otherwise noted.

required to advise him concerning indirect consequences of his plea, such as the limitations on custody credits, but argues his counsel had such a duty. Defendant argues he should have been allowed to withdraw his plea based on his counsel's inadequate advisement. The People respond that the plea was knowingly, intelligently, and voluntarily made and that defendant fails to show the court abused its discretion in denying the motion. We agree with the People.

### A. Relevant Factual and Procedural Background

Defendant entered a no contest plea to count 1, admitting the great bodily injury enhancement, with the understanding that the prosecutor would be dismissing all the other counts against him and with the court's indicated sentencing lid of five years. Defendant was represented by counsel and completed and submitted a change of plea form.

The following colloquy occurred in court:

> "THE COURT: [Defendant], did you hear and understand everything that was stated as far as the plea agreement?
>
> "[DEFENDANT]: Yes, sir.
>
> "THE COURT: Is that what you are agreeing to?
>
> "[DEFENDANT]: Yes. I guess.
>
> "THE COURT: Have you had enough time to discuss your case with your attorneys?
>
> "[DEFENDANT]: Yes.
>
> "THE COURT: And other than what you have just heard, has anyone made any threats or promises to get you to accept this plea deal?
>
> "[DEFENDANT]: No.
>
> "THE COURT: All right. I'm holding up two forms. One is purple and one is tan. They are the felony advisement, waiver of rights and plea

3.

forms.  Each has your name and one of your case numbers on it.  Did you go over these forms with your attorneys?

"[DEFENDANT]:  Yes, I did.

"THE COURT:  Did you read and understand everything on each form?

"[DEFENDANT]:  Yes, I did.

"THE COURT:  Did you initial the boxes and sign the back of both forms?

"[DEFENDANT]:  Yes, sir.

"THE COURT:  The front of each form lists several rights that you have, including the right to a speedy and public trial on all charges.  Did you read and understand each of those rights?

"[DEFENDANT]:  Yes.

"THE COURT:  Do you agree to waive those rights in order to enter into this plea?

"[DEFENDANT]:  Yes.

"THE COURT:  In addition to the rights, there is a section on each form which is labeled consequences of your plea.  Did you read and understand each of those?

"[DEFENDANT]:  Yes.

"THE COURT:  Those include that if you are currently on probation, parole or other supervision, a plea of no contest to any new charges could cause you to be found in violation.  [¶]  Also, if you're not a citizen of the United States, as a result of your plea you could be deported, excluded from admission or denied naturalization to the U.S.  [¶]  And there are other direct consequences listed on the forms, including the fact that this would be a serious or violent felony on the case in which you're admitting the great bodily injury.  [¶]  Do you have any questions about anything I have said or anything on these forms?

"[DEFENDANT]:  No.

4.

"THE COURT:  All right.  Starting with the felony DUI case, which ends in the numbers 031, you are charged in [c]ount [1] of the complaint—I'm sorry, [c]ount [1] of the felony information with a violation of [Veh. Code section] 23153[,] subsection (f) on or about December 8th, 2020, in the county of Fresno.  Do you understand the charge?

"[DEFENDANT]:  Yes.

"THE COURT:  What is your plea?

"[DEFENDANT]:  No contest.

"THE COURT:  And you are also charged with committing or inflicting great body injury as a result of that DUI pursuant to [section] 12022.7[,] subsection (a) on that same date.  Do you admit that that's true?

"[DEFENDANT]:  Yes."

The minute order from the hearing states:  "Change of plea form signed and filed. The change of plea form is signed and filed in open court.  Court accepts the plea and finds it was made knowingly, intelligently and voluntarily and that the plea is supported by a factual basis (*People v. West* [(1970) 3 Cal.3d 595])[.]"

Defendant filed a written motion to withdraw his plea before he was sentenced. The motion stated defendant "claims to have been under a great amount of grief that may have impaired his mental abilities at the time of the change of plea."  In the declaration in support of his motion, defendant stated:  "I was in a confused state of mind due to lack of sleep over worrying about family members['] near[-]death health issues.  I was confused and unfocused and was under the impression I would be receiving half[-]time [credits].  I was either mistaken, or mislead, but I would not have signed that plea agreement and would please like to have my plea withdrawn."  There was no declaration from counsel indicating what he did or did not tell defendant regarding custody credits.

The trial court issued a written order denying defendant's motion to withdraw his plea.  The court found defendant's declaration that he was "in a confused state of mind

5.

due to lack of sleep over worrying about family members['] near[-]death health issues" was a self-serving declaration in opposition to the change of plea form he initialed and signed. The order further noted that "Judge [Kelley] expressly found 'defendant's plea(s) [was] freely and voluntarily made with an understanding of the nature and consequences of the plea(s).' " And this "directly refutes [d]efendant's basis for setting aside his plea." The court found defendant's declaration not credible and Judge Kelley's findings to be dispositive.

### B. Applicable Law and Standard of Review

Section 1018 allows a trial court to grant a defendant's application to withdraw a guilty plea any time before judgment for good cause shown. (*People v. Hunt* (1985) 174 Cal.App.3d 95, 102 (*Hunt*); *People v. Waters* (1975) 52 Cal.App.3d 323, 328.) To establish good cause, it must be shown by clear and convincing evidence that the defendant was operating under mistake, ignorance, or any other factor overcoming the exercise of his free judgment. (*People v. Cruz* (1974) 12 Cal.3d 562, 566; *People v. Nance* (1991) 1 Cal.App.4th 1453, 1456 (*Nance*); *People v. Huricks* (1995) 32 Cal.App.4th 1201, 1207–1208; *People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416.) Other factors overcoming the defendant's free judgment include inadvertence, fraud, or duress. (*Huricks*, at p. 1208; *Breslin*, at p. 1416; *People v. Griffin* (1950) 100 Cal.App.2d 546, 548.)

However, "[a] plea may not be withdrawn simply because the defendant has changed his mind." (*Nance*, *supra*, 1 Cal.App.4th at p. 1456; *People v. Huricks*, *supra*, 32 Cal.App.4th at p. 1208; *In re Brown* (1973) 9 Cal.3d 679, 685–686 (*Brown*), disapproved and superseded by statute on other grounds in *People v. Mendez* (1999) 19 Cal.4th 1084, 1097–1098, fn. 7.) Furthermore, "[g]uilty pleas resulting from a bargain should not be set aside lightly and finality of proceedings should be encouraged." (*Hunt*, *supra*, 174 Cal.App.3d at p. 103; *People v. Urfer* (1979) 94 Cal.App.3d 887, 893.)

The decision to allow or refuse the withdrawal of a plea is committed to the sound discretion of the trial court and may not be disturbed on appeal unless it is clear that the court has abused its discretion. (*People v. Wharton* (1991) 53 Cal.3d 522, 585; *People v. Fairbank* (1997) 16 Cal.4th 1223, 1254 [denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion]; *People v. Patterson* (2017) 2 Cal.5th 885, 894 [same]; *Nance*, *supra*, 1 Cal.App.4th at p. 1456 [same].) "An abuse of discretion is found if the court exercises discretion in an arbitrary, capricious or patently absurd manner resulting in a manifest miscarriage of justice." (*People v. Shaw* (1998) 64 Cal.App.4th 492, 496.)

**C.    Analysis**

First, defendant contends the trial court abused its discretion because it denied his motion on the basis defendant's plea was freely and voluntarily made, which he contends is unsupported. Defendant argues the court did not specifically state on the record that the plea was freely and voluntarily made.

Among the issues that can be raised after entering a guilty plea is whether the defendant knowingly, voluntarily, and intelligently waived his or her rights in entering the plea. (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1364–1365; cf. *People v. Panizzon* (1996) 13 Cal.4th 68, 80 (*Panizzon*); *People v. Navarro* (1966) 243 Cal.App.2d 755, 758.) For a conditional plea of guilty or no contest, the trial court is required to "cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea." (§ 1192.5, subd. (c); *People v. Holmes* (2004) 32 Cal.4th 432, 438.) A defendant must understand the nature of the charges, elements of offenses, pleas and defenses which may be available, and punishment which may be expected before a trial judge accepts his waiver and plea. (*Hunt*, *supra*, 174 Cal.App.3d at p. 103; *In re Birch* (1973) 10 Cal.3d 314, 319.) "While there is no federal constitutional requirement for this factual basis inquiry, the statutory mandate of section 1192.5 helps ensure that the 'constitutional standards of voluntariness

and intelligence are met.' (*People v. Hoffard* [1995] 10 Cal.4th [1170,] 1182, fn. 11.)" (*Holmes*, at p. 438, fn. omitted; *Voit*, at p. 1365.) The inquiry also protects against an innocent person entering a guilty plea and creates a record against possible appellate or collateral attack. (*Voit*, at p. 1365; *Hoffard*, at p. 1183.)

However, we see no requirement that the trial court use the specific words that it finds the plea was freely and voluntarily made. In *Panizzon*, even though the court did not admonish the defendant of his right to appeal, the waiver and plea agreement signed by the defendant and his attorney contained the defendant's representation that he understood the sentence that would be imposed and the waiver of his right to appeal the sentence. (*Panizzon*, *supra*, 13 Cal.4th at p. 84.) Both the defendant and his attorney attested to the waiver form's valid execution. Additionally, the in-court questioning of the defendant and his attorney raised no doubts as to the defendant's understanding of his rights and the consequences of his no contest plea. Under these circumstances, the court was satisfied that the defendant's waiver of the right to appeal the bargained sentence was knowing, intelligent, and voluntary despite the absence of a specific admonishment by the trial court. (*Ibid*.; *People v. Castrillon* (1991) 227 Cal.App.3d 718, 722; cf. *In re Ibarra* (1983) 34 Cal.3d 277, 284–286, overruled on other grounds by *People v. Howard* (1992) 1 Cal.4th 1132, 1175–1178.) Here, the record is even clearer because the court did advise defendant of his rights and the consequences of his plea, defendant understood those rights, and waived them. Additionally, defendant agreed that he went through the change of plea form with his attorney and initialed and executed the form. Defendant indicated he had enough time to talk with his attorney, understood what he was doing, and had no questions for the court. Consequently, the record demonstrates that defendant's change of plea was knowing, intelligent, and voluntary.

Defendant cites to *People v. Roles* (2020) 44 Cal.App.5th 935, which does not support his argument that there must be a specific statement on the record that the court found the plea to be knowing, intelligent and voluntary. In *Roles*, even though the trial

court failed to advise the defendant of specific aspects of the right to a jury trial, it found the totality of the circumstances demonstrated that the defendant entered a knowing and intelligent waiver. (*Roles*, at p. 950.) "The record show[ed] [the] defendant and his counsel had 'extensive conversation[s]' about court and jury trials. During the waiver inquiry, defense counsel asked the defendant if they spoke about the waiver 'a number of times,' and the defendant responded, 'Yes.' " (*Ibid.*) Here, again, the record shows the court did advise defendant of his rights and consequences of his plea. The court confirmed that defendant had enough time to speak with his attorney, that he went over the change of plea forms with his attorney, and understood his rights that he was giving up. The court also made sure defendant understood the direct consequences of his plea and defendant affirmed that he did not have any questions. And the fact that the minute order indicates that the plea was knowingly, voluntarily and intelligently made only reinforces that the court did in fact find the plea was knowingly, voluntarily and intelligently made.[2] Therefore, the totality of the circumstances demonstrates that defendant's change of plea and waiver of rights were knowing, voluntary and intelligent. (See *ibid.*)

We note that in *People v. Urfer, supra*, 94 Cal.App.3d 887, even when a defendant entered his plea "unwillingly" and with " 'reluctance,' " yielding to his counsel's " 'persuasions and prejudices,' " the court concluded that "such state of mind is not synonymous with an involuntary act," nor a " 'factor overreaching defendant's free and clear judgment.' " (*Id*. at p. 892.) The *Urfer* court held that the trial court acted within its discretion in denying the motion to withdraw. (*Id*. at p. 893.) Therefore, even though defendant here claims he was in a confused state of mind worrying about family members' near-death health issues, this is not considered a factor "overreaching

---

**2** Defendant's argument that the minute order cannot be used to correct judicial errors does not apply here where there is no error and the written record supports the oral record.

9.

defendant's free and clear judgment." (*Id*. at p. 892.)  And does not render defendant's change of plea unknowing, involuntary, and unintelligent.

Second, we conclude the record does not demonstrate the trial court abused its discretion in concluding defendant lacked good cause to withdraw his plea.  Defendant claims he was misadvised by at least one of his attorneys that he would be agreeing to half-time credits and "the likelihood of inadequate advisement was increased by the fact that four different attorneys appeared with [defendant] over four months."  He argues that had he known that he was not receiving half-time credits he would not have signed the plea agreement.[3]  However, as defendant acknowledges, the Supreme Court has held that limitations on custody credits is considered a collateral, rather than a direct, consequence of a plea.  (*People v. Barella* (1999) 20 Cal.4th 261, 270.)  The court is not required to advise a defendant of the indirect consequences of a guilty plea, including parole eligibility date or statutory credit limitation.  (*Id*. at pp. 263, 272 [a trial court is not required to inform a defendant, when accepting a plea, on limits to good-time or work-time credits that may result from the plea.].)  Accordingly, defendant's regret over entering into his plea agreement because of his misunderstanding of the collateral consequence regarding credits is not grounds for granting a motion to withdraw his plea.  (See *Nance*, *supra*, 1 Cal.App.4th at p. 1456 ["A plea may not be withdrawn simply because the defendant has changed his mind."]; *Brown*, *supra*, 9 Cal.3d at p. 686.)

Further, even considering defendant's argument that his attorney misled him into thinking he would be receiving half-time credits, other than defendant's self-serving declaration, the record lacks clear and convincing evidence in support of this claim.  (See *People v. Cruz*, *supra*, 12 Cal.3d at p. 566; *Nance*, *supra*, 1 Cal.App.4th at p. 1456.)  Here, when the court asked defendant if anyone made any promises to get him to accept

---

[3]     Defendant makes it clear in his brief that he is not raising an ineffective assistance of counsel claim.

10.

the plea, he responded, "No." Also, the record fails to show what defense counsel told defendant regarding collateral consequences or custody credits in general. Defendant's self-serving, bare assertion is insufficient to demonstrate the court abused its discretion in denying his motion to withdraw his plea. (See *Brown*, *supra*, 9 Cal.3d at pp. 685–686 [no abuse of discretion in denying a motion to withdraw plea on bare assertions]; cf., *People v. Vivar* (2021) 11 Cal.5th 510, 529–530 [a defendant's bare allegation that he or she would not have accepted a plea absent a mistaken understanding of its consequences is insufficient to establish prejudice].)

Accordingly, we conclude the trial court did not abuse its discretion in denying defendant's motion to withdraw his plea. (See *People v. Wharton*, *supra*, 53 Cal.3d at p. 585 [court's ruling will not be disturbed on appeal unless it is clear that the trial court abused its discretion]; *People v. Fairbank*, *supra*, 16 Cal.4th at p. 1254 [same].)

## DISPOSITION

We affirm the judgment.